# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ASHLEY NICOLE WREN,

       Plaintiff,

v.                                                        CIV 17-0633 KBM

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security Administration,

       Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (*Doc. 24*) filed on April 10, 2018. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *See Docs. 5, 10, 11.* Having considered the record, submissions of counsel, and relevant law, the Court finds Plaintiff's motion is not well-taken and will be denied.

**I.**     **Procedural History**

On October 17 and 18, 2012, Ms. Ashley Wren (Plaintiff) protectively filed applications with the Social Security Administration for a period of disability and disability insurance benefits under Title II of the Social Security Act (SSA), and for Supplemental Security Income under Title XVI of the SSA. Administrative Record[1] (AR)

---

[1] Document 15-1 contains the sealed Administrative Record. *See Doc. 15-1.* The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

at 225-26, 233-40. Plaintiff alleged a disability onset date of March 15, 2012. AR at 54, 70. Disability Determination Services (DDS) determined that Plaintiff was not disabled both initially (AR at 52-85) and on reconsideration (AR at 86-121). Plaintiff requested a hearing with an Administrative Law Judge (ALJ) on the merits of her applications. AR at 141-42.

Both Plaintiff and a vocational expert (VE) testified during the *de novo* hearing. *See* AR at 31-51. ALJ Barry O'Melinn issued an unfavorable decision on March 8, 2016. AR at 12-24. Plaintiff submitted a Request for Review of Hearing Decision/Order to the Appeals Council (AR at 8), which the council denied on April 12, 2017 (AR at 1-5). Consequently, the ALJ's decision became the final decision of the Commissioner. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

## II.    Applicable Law and the ALJ's Findings

A claimant seeking disability benefits must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). The Commissioner must use a sequential evaluation process to determine eligibility for benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

The claimant has the burden at the first four steps of the process to show: (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is

2

expected to last for at least one year; and (3) her impairment(s) meet or equal one of the listings in Appendix 1, Subpart P of 20 C.F.R. Pt. 404; or (4) pursuant to the assessment of the claimant's residual functional capacity (RFC), she is unable to perform her past relevant work. 20 C.F.R §§ 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (citations omitted). "RFC is a multidimensional description of the work-related abilities [a claimant] retain[s] in spite of her medical impairments." *Ryan v. Colvin*, Civ. 15-0740 KBM, 2016 WL 8230660, at *2 (D.N.M. Sept. 29, 2016) (citing 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00(B); 20 C.F.R. § 404.1545(a)(1)). If the claimant meets "the burden of establishing a prima facie case of disability[,] . . . the burden of proof shifts to the Commissioner at step five to show that" Plaintiff retains sufficient RFC "to perform work in the national economy, given [her] age, education, and work experience." *Grogan*, 399 F.3d at 1261 (citing *Williams v. Bowen*, 844 F.2d 748, 751 & n.2 (10th Cir. 1988) (internal citation omitted)); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

At Step One of the process,[2] ALJ O'Melinn found that Plaintiff "has not engaged in substantial gainful activity since March 15, 2012, the alleged onset date." AR at 14 (citing 20 C.F.R. §§ 404.1571-1576, 416.971-976). At Step Two, the ALJ concluded that Plaintiff "has the following severe impairments: fibromyalgia; rheumatoid arthritis; degenerative disc disease; obesity with associated obstructive sleep apnea; and mental impairments variously diagnosed as bipolar disorder, anxiety, affective disorder, post-traumatic stress disorder, and poly substance variously diagnosed as opiate

---

[2] ALJ O'Melinn first found that Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2015." AR at 14.

dependence with impending withdrawals, and alcohol and cannabis abuse." AR at 14 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).

At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1 . . . ." AR at 15 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). At Step Four, the ALJ found that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[,]" the ALJ did not find Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms . . . entirely credible . . . ." AR at 18. The ALJ considered the evidence of record and found that Plaintiff

> has the residual functional capacity to perform sedentary work . . . . She is able to occasionally climb ramps and stair [sic], but never climb ropes, ladders, or scaffolds. She can frequently balance, stoop, kneel, crouch, and crawl; she is able to frequently reach, handle, and finger with bilateral upper extremities. She is able to understand, remember, and carry out simple instructions, and make commensurate work related decisions. She is able to respond appropriately [to] supervision, coworkers, work situations, and deal with routine changes in work setting. She is able to maintain concentration, persistence, or pace for up to and including 2 hours at a time, with norm [sic] breaks throughout a normal workday. She is limited [to] simple, routine, and repetitive tasks [and] only occasional changes in work place environment. She is suitable for jobs involving work primarily with things and not people.

AR at 17. ALJ O'Melinn then found at Step Four that Plaintiff "is unable to perform any past relevant work." AR at 22 (citing 20 C.F.R. §§ 404.1565, 416.965). Instead, at Step Five, the ALJ found that Plaintiff can perform the positions of final assembler, table worker, and stone setter. AR at 23. Therefore, ALJ O'Melinn ultimately determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from

4

March 15, 2012, through the date of [the ALJ's] decision . . . ." AR at 24 (citing 20 C.F.R. §§ 404.1520(g), 416.920(g)).

## III. Legal Standard

The Court must "review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005) (internal citation omitted)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161, 1166 (10th Cir. 2012) (citation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Lax*, 489 F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172 (internal quotation omitted)). "It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004) (internal quotation omitted) (alteration in original)). The Court will "consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but [it] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Id.* (quoting *Hackett*, 395 F.3d at 1172 (internal quotation marks and quotations omitted)).

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski*, 372 F.3d at 1200 (internal quotation omitted)). The Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even

5

though the court would justifiably have made a different choice had the matter been before it de novo.'" *Id.* (quoting *Zoltanski*, 372 F.3d at 1200 (internal quotation omitted)).

## IV. Discussion

Plaintiff asserts two issues in her motion. First, she argues that the RFC does not take into account the ALJ's finding that Plaintiff has moderate limitations in social functioning. *Doc. 18* at 6-7. Second, Plaintiff contends that the ALJ erred in finding that Plaintiff's statements regarding her need for a cane are not credible. *Id.* at 8.

### A. The ALJ's mental RFC assessment is adequate.

Plaintiff first argues that "[t]he ALJ's RFC neither considers nor expands upon the ALJ's evaluation of [Plaintiff's] moderate limitations in social functioning."[3] *Doc. 18* at 7. Plaintiff contends that ALJ O'Melinn's RFC determination "suggests that [she] has no limitation" in her social functioning abilities since the ALJ determined that "she can respond appropriately to supervision, coworkers, work situations, etc." *Id.*

"When evaluating a mental impairment at step three, the ALJ utilizes the psychiatric-review technique described in 20 C.F.R. § 404.1520a, which 'requires adjudicators to assess an individual's limitations and restrictions from a mental impairment(s) in categories identified in the 'paragraph B' criteria . . . of the adult mental disorders listings.'" *Beasley v. Colvin*, 520 F. App'x 748, 754 (10th Cir. 2013) (quoting SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996)). The "paragraph B" criteria include "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and

---

[3] Plaintiff includes authority in this section on what an ALJ must consider when looking at the demands of past relevant work "to determine whether the claimant can still perform such work." *Doc. 18* at 6-7 (quoting *Farrill v. Astrue*, 486 F. App'x 711, 712 (10th Cir. 2012) (internal citation omitted)). This authority is inapposite to the issue of whether the ALJ was required to include limitations in Plaintiff's RFC based on his step-three findings.

episodes of decompensation." *See id.* (quoting 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.00C). Any limitations the ALJ identifies as part of the "paragraph B" criteria "are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." *Id.* (quoting SSR 96-8p, 1996 WL 374184, at *4).

"As explained by the Tenth Circuit in *Anderson v. Colvin*, an ALJ is not required to include the limitations found at steps two and three of the sequential evaluation process in the ALJ's RFC assessment." *Bridle v. Colvin*, No. CIV-13-0500 LAM, 2014 WL 12792281, at *5 (D.N.M. June 9, 2014) (discussing *Anderson v. Colvin*, 514 F. App'x 756, 763 (10th Cir. 2013); citing SSR 96-8p, 1996 WL 374184 at *4). Where "an impairment is determined to be severe," however, the ALJ must reflect that *impairment* in the RFC. *Beasley*, 520 F. App'x at 754 (citing *Hargis v. Sullivan*, 945 F.2d 1482, 148 (10th Cir. 1991)). Here, Plaintiff focuses on the ALJ's determination that she can respond appropriately to supervision, coworkers, and work situations and argues that this is evidence the ALJ did not assign any limitations based on Plaintiff's moderate limitations in social functioning. Plaintiff's argument is unavailing, as the ALJ was not required to include the "paragraph B" findings in the RFC assessment. *See Bridle*, 2014 WL 12792281, at *5; *Beasley*, 520 F. App'x at 754 ("[t]he ALJ was under no obligation to include limitations in social functioning in [the plaintiff's] RFC based solely on his finding that she had 'moderate difficulties' in social functioning as part of the distinct step-three analysis"). Instead, ALJ O'Melinn properly included limitations in Plaintiff's RFC based on her severe mental impairments, finding that Plaintiff "is limited [to] simple, routine, and repetitive tasks [with] only occasional changes in [the] work place

7

environment[,]" and that she "is suitable for jobs involving work primarily with things and not people." AR at 17. Plaintiff has not demonstrated that ALJ O'Melinn erred in making the RFC assessment, and the Court will deny the motion on this issue.

> **B. The ALJ's credibility determination regarding Plaintiff's use of a cane stands.**

Plaintiff contends that the ALJ's credibility finding regarding Plaintiff's need for a cane is erroneous. *Doc. 18* at 8. The Court disagrees.

"When a claimant establishes a medically determinable physical or mental impairment that could reasonably be expected to produce the symptoms complained of, the ALJ must evaluate the intensity, persistence, and functionally limiting effects of the symptoms to determine the extent to which the symptoms affect the claimant's capacity for work." *Holcomb v. Astrue*, 389 F. App'x 757, 760 (10th Cir. 2010) (citing 20 C.F.R. §§ 404.1529(c), 404.929(c)). "To do this, the ALJ must make a finding about the credibility of the claimant's statements regarding the symptoms and their functional effects." *Id.* (citing SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996)). "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Id.* (quoting *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (internal quotation omitted)). "[F]indings with respect to a claimant's credibility 'should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Id.* (quoting *Hardman v. Barnhart*, 362 F.3d 676, 678-79 (10th Cir. 2004) (internal quotation omitted)).

The ALJ determined that Plaintiff was only partially credible because "there are inconsistencies in [her] allegations of her limitations[,]" and because the record evidence "strongly suggest[s] that [she] has exaggerated symptoms and limitations." AR at 20. Plaintiff argues only that the ALJ erred in his findings on the second reason — inconsistencies with the record evidence. *Doc. 18* at 8.

Yet, for this proposition, Plaintiff cites to only two medical records – the only records located by the Court in the entire file that mention Plaintiff's use of a cane. First, Plaintiff cites to a June 26, 2012 treatment note from Dr. David Calkins, M.D., who noted that Plaintiff usually "walks with a cane in a very stooped fashion[, and] by the end of the day she is bending over significantly because it hurts to stand up straight." AR at 371. As the Commissioner points out, however, this language is from the "History of Present Illness" section of Dr Calkin's note. *Doc. 20* at 10. That section of the provider's treatment notes actually contains Plaintiff's own language, not a doctor's medical diagnosis or observation. *See id.* "A medical provider completes this section by giving the patient 'the opportunity to describe [her] symptoms in [her] own words.'" *Id.* (quoting *Taber's Cyclopedic Med. Dictionary* 1135 (22d ed. 2013); citing Univ. of Cal., San Diego, *History of Present Illness*, https://meded.ucsd.edu/clinicalmed/history.htm). Plaintiff does not disagree with this definition. *See Doc. 21*.

Plaintiff also points out Dr. Calkins' note that Plaintiff's "stance and gait are both antalgic[4] from the left[,]" AR at 373, and that record evidence supports Plaintiff's complaints of back problems. *Doc. 21* (citing AR at 373, 374). Evidence of Plaintiff's

---

[4] An antalgic gait is defined as "a limp adopted so as to avoid pain on weight-bearing structures, characterized by a very short stance phase." Antalgic gait, *The Free Dictionary*, https://medical-dictionary.thefreedictionary.com/antalgic+gait.

back complaints, however, does not provide evidence that she consistently uses a cane.

Second, Plaintiff cites to the consultative psychological evaluation that Kay Ennis, PhD, AMP, performed on February 16, 2013. *See Doc. 18* at 8; *see also* AR at 573-84. In her evaluation notes, Dr. Ennis reported that Plaintiff "display[ed] gait problems, walking with a cane." AR at 577. The Commissioner counters that while Dr. Ennis made this note in February 2013, Roger Felix, M.D., noted at the more recent August 2013 evaluation that Plaintiff "has a normal gait and has no difficulty getting on and off the exam table or up and out of a chair." AR at 679; *see also Doc. 20* at 3. Moreover, "treatment notes from March, April, and August 2012 showed Plaintiff's gait was normal" (*Doc. 20* at 3 – citing AR at 517, 890, 892), and "[t]reatment notes from February, April, and May 2014[,] indicated Plaintiff ambulated normally" (*id.* – citing AR at 771, 776, 781, 785, 820), "but she was observed walking with a cane in August 2014" (*id.* – citing AR at 739).

In all, substantial evidence in the record supports the ALJ's credibility findings. Not only is there scant evidence of medical providers who witnessed Plaintiff walking with a cane, but also Plaintiff does not dispute the ALJ's findings that Plaintiff's own testimony regarding her limitations was inconsistent. *See* AR at 20; *Doc. 18* at 8; *Doc. 21*. The Court will deny Plaintiff's motion on this issue.

## V. Conclusion

The Court finds that Plaintiff has failed to demonstrate that the ALJ erred, either in making the mental RFC assessment or the credibility determination.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (*Doc. 24*) is **DENIED**.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent